UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TONY NGUYEN                                CIVIL ACTION

VERSUS                                     NO. 06-7432

ALLSTATE INSURANCE CO.                     SECTION "R"(3)


   This order also applies to the following civil action.

MADELINE V. JUAN                           CIVIL ACTION

VERSUS                                     NO. 06-9004

THE HARTFORD INSURANCE CO.                 SECTION "R"(1)


## ORDER AND REASONS

Plaintiffs move to remand these matters to state court.  For the following reasons, the Court GRANTS plaintiffs' motion.


I.  BACKGROUND

Plaintiffs in these actions are Louisiana property owners who suffered damage to their property during Hurricane Katrina and who have sued their homeowner's insurance carrier. Defendants Allstate Insurance Company and The Hartford Insurance Company lack citizenship or a principal place of business in Louisiana.  The parties in these actions are thus diverse.

Plaintiffs filed their actions in Louisiana state court, and defendants removed them to this Court.  Plaintiffs now seek to remand these matters to state court.  Defendants oppose the motions and assert that federal jurisdiction is proper under diversity jurisdiction pursuant to 28 U.S.C. § 1332.  In both cases, the parties disagree as to whether the amount in controversy is satisfied under the requirements of Section 1332. *See* 28 U.S.C. § 1332 (establishing a jurisdictional minimum of $75,000).

**II.   LEGAL STANDARDS**

   **A.    Removal**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL

419901, at *2 (E.D. La. 1995). The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

### B. Amount in Controversy

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. *See Allen*, 63 F.3d at 1335. When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith." *Id.* (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). If a plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal. *Allen*, 63 F.3d at 1335. "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id*.

However, when, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F. 3d at 1335; *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412

(5th Cir. 1995).  A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied.  *Allen*, 63 F.3d at 1335.  The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.  *See De Aguilar*, 47 F.3d at 1412.  Where the "facially apparent" test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal.  *Allen*, 63 F.3d at 1336.

If the defendant meets its burden of showing the requisite amount in controversy, the plaintiff can defeat removal only by establishing with legal certainty that the claims are for less than $75,000.  *See De Aguilar*, 47 F.3d at 1411-12.  In *De Aguilar*, the Fifth Circuit stated that absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit *with their complaints*; once a defendant has removed the case, *St. Paul* makes later filings irrelevant."  47 F. 3d at 1412 (*quoting In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)) (emphasis added).  Neither of the

plaintiffs in these matters filed a stipulation with his or her complaint.

Post-removal affidavits or stipulations may be considered only in limited circumstances.  If the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation, but only to determine the amount in controversy as of the date of removal.  *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) ([w]hen the affidavit "clarif[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is proper).  When, on the other hand, the amount in controversy is clear from the face of the complaint, post-removal stipulations purporting to reduce the amount of damages plaintiffs seek cannot deprive the Court of jurisdiction. *Gebbia*, 233 F.3d at 883.  Finally, the Court notes that Louisiana law allows recovery for attorney's fees and penalties when an insurer has been arbitrary or capricious in denying a claim. Under these circumstances, the Court is to consider claims for these items when it assesses the amount in controversy.  *See, e.g., Poynot v. Hicks*, 2002 WL 31040174 at *3 (E.D. La. 2002).

**III. ANALYSIS**

    **A.   06-7432: Nguyen v. Allstate**

Nguyen avers in his petition that his property "suffered severe and extensive damage, in particular multiple trees fell across the property, destroying the roof and allowing voluminous amounts of rainwater to completely inundate the property." (R. Doc. 1-2). However, as of the date of removal, Nguyen's state court petition did not allege a specific amount of damages. As such, the Court concludes that it is not facially apparent from the petition that the amount in controversy exceeds $75,000.

Defendant states that it removed this case based on the value of plaintiff's policy and an alleged representation made by plaintiff to Allstate before initiating this action that his claim was in excess of $75,000. (R. Doc. 1). However, neither plaintiff nor defendant have provided any evidence, pre- or post-removal, as to the value of plaintiff's homeowner's policy, including a copy of the policy itself. Allstate submits a document entitled "5114022758 Documentation" that purports to show Allstate's records of its conversations with Nguyen. (R. Doc. 6-2). This document has not been authenticated such that it would be admissible under the Federal Rules of Evidence. Furthermore, it is not apparent from the document which property is under discussion. While it is appropriate for the Court to

consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal, the evidence must be admissible. *See ContiCommodity Services, Inc. v. Ragan*, 63 F.3d 438, 441 (5th Cir. 1995) (stating that, in the summary judgment context, the nonmoving party must direct the Court's attention to admissible evidence). Thus, defendant fails to carry its burden to demonstrate that the amount in controversy is satisfied. Furthermore, as discussed above, courts may consider post-removal stipulations to clarify an amount in controversy when, as here, it is ambiguous at the time of removal. The Court therefore credits Nguyen's stipulation, attached to his motion to remand, in which he states that the amount in controversy in this action does not exceed $75,000. (R. Doc. 5-5). For all of these reasons, the Court finds that Allstate has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. Thus, under Section 1332, the Court lacks subject matter jurisdiction over this action.

    **B.   06-9004: Juan v. Hartford**

Juan alleges in her state court petition that Hartford has failed to pay for the full extent of her hurricane-related damages. Specifically, she states that these unpaid damages include destruction of an adjacent garage by windstorm, destruction of fencing by windstorm, damages to interior roof

supports, and loss of use.  (R. Doc. 1-2).  However, as of the date of removal, Juan's state court petition did not allege a specific amount of damages, nor does she state a claim for the full value of her homeowner's policy.  As such, the Court concludes that it is not facially apparent from the petition that the amount in controversy exceeds $75,000.

Defendant bases its removal of this action on its assertion that the value of plaintiff's homeowner's policy exceeds $75,000 and that plaintiff avers in her petition that her property was destroyed by Hurricane Katrina.  (R. Doc. 1, at 5-6).  However, defendant has provided no evidence as to the value of plaintiff's homeowner's policy, including a copy of the policy itself, beyond mere assertions that the plaintiff's homeowner's policy exceeds $75,000.  Further, plaintiff does not claim damages for the total destruction of her property.  Indeed, Hartford has presented no evidence to this Court as to the value of plaintiff's claims.  Because the amount in controversy in this case was ambiguous at the time of removal, the Court may consider a post-removal stipulation to clarify the amount in controversy.  Here, plaintiff filed a stipulation, attached to her motion to remand, in which she states that the amount in controversy in this matter does not exceed $75,000.  (R. Doc. 5-2).  In the absence of any countervailing evidence offered by the defendent, the Court finds

that Hartford has not met its burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Thus, under Section 1332, the Court lacks subject matter jurisdiction over this action.

Finally, in its notice of removal, Hartford also asserts that removal of this case is proper under the Multiparty, Multiforum Trial and Jurisdiction Act of 2002 because there exists minimal diversity and because Hurricane Katrina constitutes an accident as contemplated by 28 U.S.C. § 1369(a), therefore conferring original subject matter jurisdiction over this action.  Alternatively, Hartford contends that removal is proper under 28 U.S.C. § 1441(e)(1)(b) because Hartford is a party to several cases that were brought or could have been brought directly into federal court under § 1369(a).  The Court has thoroughly addressed these same arguments in previous cases and finds no reason to reach a different result here.  *See, e.g., Nguyen v. ANPAC Louisiana Ins. Co.*, 2006 WL 3714500 (E.D. La. Dec. 11, 2006) (order granting motion to remand); *Wood v. State Farm Fire & Casualty Co.*, Civ. Docket No. 06-2570 (E.D. La. Oct. 24, 2006) (order granting motion to remand).  The Court therefore adopts its reasoning in *Nguyen* and *Wood* and holds that the MMTJA does not give it jurisdiction over this matter.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiffs' motions to remand.

New Orleans, Louisiana, this __29th__ day of January, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT